UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RYAN FEIN; ANTHONY RIZZELLO; CHRISTOPHER SALMIERI; JOSHUA BERLIN; SHAWN BISHOP; RYAN FITZPATRIK; FRANCIS IANNOTTA; JI KIM; MARC LANGLEY; CHRISTOPHER MEEKER; JASON NEWCOMER; JOHN SHALLOW; DAVID BARON; and ARNOLD DAVENPORT, Plaintiffs, v. DITECH FINANCIAL, LLC, Defendant. | No. 5:16-cv-00660 |

**O R D E R**

**AND NOW**, this 26th day of September, 2017, for the reasons set forth in the Opinion issued this date, **IT IS ORDERED THAT**:

1. This Court has jurisdiction over the subject matter of this action and over all parties to this action pursuant to 28 U.S.C. § 1331, 29 U.S.C § 216(b), and 28 U.S.C. § 1367(a), including all members of the State Law Settlement Class and FLSA Settlement Collective preliminarily certified by Order of April 19, 2017, for settlement purposes and defined as follows:

State Law Settlement Class:

All Ft. Washington, Pennsylvania-based individuals employed by Defendant Ditech Financial, LLC or its related entities in the positions titled Mortgage Loan Agent, Consumer Home Loan Specialist, and/or Sr. Consumer Home Loan Specialist at any time from February 10, 2013 to September 9, 2016 who: (a) achieved over $60,000,000 in production in 2013, were awarded a 2013 Production Bonus and received payment for the first annual tranche of the bonus,

and were subsequently denied payment for one or more annual tranches of the 2013 Production Bonus because they were not longer employed by Defendant at the time payment was due under the WPCL; and/or (b) did not receive overtime compensation at 1.5 times their "regular rate" of pay for all hours worked over forty (40) in a workweek due to the exclusion of certain commission and/or bonus earnings from Defendant's calculation of their overtime rates under the PMWA. ("State Law Settlement Class," and each member a "State Law Class Member").

FLSA Settlement Class:

All Ft. Washington, Pennsylvania-based individuals employed by Defendant Ditech Financial, LLC or its related entities in the positions titled Mortgage Loan Agent, Consumer Home Loan Specialist, and/or Sr. Consumer Home Loan Specialist at any time from February 10, 2013 to September 9, 2016 ("FLSA Settlement Class," and each member a "FLSA Class Member").

Members of the State Law and FLSA Settlement Classes shall be referred to collectively as "Class Members."

2. The Court finds that the State Law Settlement Class satisfies the requirements of Fed. R. Civ. P. Rule 23(a) and Rule 23(b)(3) and that the FLSA Settlement Class satisfies the requirements for a collective action under 29 U.S.C § 216(b). The Court grants final certification of the State Law Settlement Class and FLSA Settlement Class for purposes of settlement of this action only.

3. The Notice given to the members of the State Law Settlement Class and the FLSA Settlement Class adequately informed the Class Members of the terms of the Settlement Agreement, their right to opt out of the monetary provisions and pursue their own remedies, and their opportunity to file written objections and appear and be heard at the Settlement Hearing regarding the approval of the Settlement Agreement. The Court finds that the Class Notice provided satisfied the requirements of Fed. R. Civ. P. 23 (e)(1)(B).

4. The Court hereby approves the Settlement Agreement and finds that the settlement is fair, reasonable, and adequate to all Class Members. The Court finds that counsel

for all parties conducted extensive investigation and research to evaluate their respective risks of further litigation, including the risk of not achieving class certification, additional costs, and delays associated with further prosecution of this action. The Court further finds that the parties have reached an agreement as a result of intensive, arms-length negotiations, including mediation.

5. Class Counsel are awarded $456,390.00 in attorneys' fees and $5,557.73 in litigation expenses incurred in the prosecution of this litigation, to be paid from the Settlement Amount as specified in the Settlement Agreement. The Claims Administrator, RG/2 Claims Administration LLC, is awarded an amount not to exceed $9,000.00 for fair and reasonable fees and expenses incurred in the administration of the settlement, to be paid from the Settlement Amount as specified in the Settlement Agreement.

6. Incentive Payments, which are to be paid from the Settlement Amount as specified in the Settlement Agreement, are approved for the following Class Representatives and Named Plaintiffs who performed substantial services for the benefit of the Settlement Classes, in the following amounts:

| Name: | Amount: |
|---|---|
| Ryan Fein | $2,500 |
| Anthony Rizello | $2,500 |
| Christopher Salmieri | $2,500 |
| Joshua Berlin | $1,000 |
| Shawn Bishop | $1,000 |
| Ryan Fitzpatrick | $1,000 |
| Francis Iannotta | $1,000 |
| Ji Kim | $1,000 |
| Marc Langley | $1,000 |
| Christopher Meeker | $1,000 |
| Jason Newcomer | $1,000 |
| John Shallow | $1,000 |
| David Baron | $1,000 |
| Arnold Davenport | $1,000 |

7. The Court finds that the payments to the members of the Settlement Classes, as provided in the Settlement Agreement and to be determined and paid by the Claims Administrator, are fair, reasonable, and adequate and gives final approval to and orders that those payments be made to the members of the Settlement Classes who have not requested exclusion from the Settlement in accordance with the Settlement Agreement.

8. This Court hereby dismisses with prejudice all claims and actions in this matter and the claims of all State Law Class members who did not file a valid and timely opt-out form based on or arising out of any acts, facts, transactions, occurrences, representations, or omissions which are alleged, or which could have been alleged, in the Class and Collective Action Complaint in this matter, with respect to their claims under state and/or local wage and hour law, including, but not limited to, their claims under the Pennsylvania Minimum Wage Act and the Pennsylvania Wage Payment and Collection Law, on the merits and without costs to any of the parties as against any other settling party, except as provided in the Settlement Agreement.

9. All persons who are members of the State Law Settlement Class are hereby barred and permanently enjoined from prosecuting, commencing, or continuing any claims, causes of action, damages and liabilities of any kind, nature, and character whatsoever in law, equity or otherwise, known or unknown, suspected or unsuspected, that now exist, may exist or heretofore existed, against Defendant Ditech Financial, LLC or its related entities arising out of, related to, connected with, or based in whole or in part on any facts, transactions, occurrences, representations, or omissions which are alleged, or which could have been alleged, in the Class and Collective Action Complaint in this matter, with respect to their claims under state and/or local wage and hour laws.

10. The claims of all persons who are putative members of the FLSA Class and who, within ninety (90) calendar days of the date of their FLSA Settlement Check, endorse, cash, or otherwise negotiate said check ("Participating FLSA Class Members"), including claims based on or arising out of any acts, facts, transactions, occurrences, representations, or omissions which are alleged, or which could have been alleged, in the Class and Collective Action Complaint in this matter with respect to their claims under the FLSA, shall be dismissed with prejudice, on the merits and without costs to any of the parties as against any other settling party, except as provided in the Agreement.

11. All Participating FLSA Class Members are barred and permanently enjoined from prosecuting, commencing, or continuing any claims, causes of action, damages and liabilities of any kind, nature, and character whatsoever in law, equity, or otherwise, known or unknown, suspected or unsuspected, that now exist, may exist or heretofore existed, against Defendant Ditech Financial, LLC or its related entities arising out of, related to, connected with, or based in whole or in part on any facts, transactions, occurrences, representations, or omissions which are alleged, or which could have been alleged, in the Class and Collective Action Complaint in this matter, with respect to their claims under the FLSA, including, but not limited to, any claims to liquidated damages under the FLSA which are alleged, or which could have been alleged, in the Class and Collective Action Complaint in this matter.

12. The Claims Administrator shall, within ten (10) business days following the lapse of the ninety (90) calendar day window for negotiating the FLSA Settlement Checks, forward to Class Counsel facsimiles of all negotiated FLSA Settlement Checks, along with a corresponding list of all Participating FLSA Class Members.

13. Class Counsel shall, within five (5) business days of its receipt from the Claims Administrator of the facsimiles and list referenced in paragraph 12 above, file with the Court facsimiles (redacted, where appropriate) of the negotiated FLSA Settlement Checks along with a list of all Participating FLSA Class Members who, by virtue of negotiating their FLSA Settlement Checks, shall be bound by the terms of the Settlement with respect to their claims under the FLSA.

14. All members of the State Law Settlement Class, including all members who did not submit an Exclusion/Opt-Out form, and all Participating FLSA Class Members, are permanently enjoined from participating in any other collective or class action lawsuit against Defendant or its related entities, concerning the claims, causes of action, damages and liabilities of any kind, nature, and character whatsoever in law, equity, or otherwise, known or unknown, suspected or unsuspected, that now exist, may exist or heretofore existed, against Defendant or its related entities arising out of, related to, connected with, or based in whole or in part to any facts, transactions, occurrences, representations, or omissions which are alleged, or which could have been alleged, in the Class and Collective Action Complaint in this matter.

15. This case is **CLOSED**.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*_____
JOSEPH F. LEESON, JR.
United States District Judge